IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00653-MR

| | | |
|---|---|---|
| **CARL FLEMING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMIL GORDON, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court *sua sponte*.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Lanesboro Correctional Institution. [Doc. 1]. In an Order issued on June 23, 2020, the Complaint passed initial review on a claim that Defendant Jamil Gordon, a correctional officer, failed to protect him from an attack by another inmate. [Doc. 13]. The Plaintiff's other claim regarding prison disciplinary proceedings was dismissed on initial review. [Id.].

The North Carolina Department of Public Safety ("NCDPS") was unable to waive service for Defendant Gordon but provided his last known address under seal. [Doc. 22]. The Court ordered the U.S. Marshals Service ("USMS") to use all reasonable efforts to locate and serve Defendant

Gordon. [Doc. 23]. On December 2, 2020, a summons was returned unexecuted. [Doc. 27]. The summons indicates that service was attempted by certified mail at the address provided by NCDPS as well as a second address, but that both certified letters were returned as undeliverable. [Id.].

On December 8, 2020, the Court ordered the Plaintiff to show cause within 14 days why Defendant Gordon should not be dismissed from this action pursuant to Fed. R. Civ. P. 4(m). [Doc. 28]. The Court cautioned the Plaintiff that failure to timely comply with the Order would likely result in the dismissal of this case without prejudice and without further notice. [Id. at 3].

The Plaintiff has failed to comply with the Court's December 8, 2020 Order, and the time to do so has expired. The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED that** this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED**.

Signed: February 10, 2021

Martin Reidinger
Chief United States District Judge